IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT MUIR WADE, | : | No. 5:CV 03-0952 |
| | : | |
| Petitioner | : | Judge Jones |
| | : | |
| v. | : | Magistrate Judge Blewitt |
| | : | |
| WARDEN OF SCI-ROCKVIEW, et al., | : | |
| | : | |
| Respondents | : | |

## ORDER

### September 16, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner, Robert Muir Wade ( "Petitioner"), a state prisoner incarcerated at Rockview State Correctional Institution, Bellefonte, Pennsylvania, initiated this action by filing a Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2254 on June 9, 2003. Petitioner, who was sentenced to a term of incarceration of life for first-degree murder and a concurrent one to two year sentence for abuse of corpse, challenged the constitutionality of his conviction.

This case was referred to Magistrate Judge Blewitt for preliminary review. In August of 2003, Petitioner's counsel of record, Robert Rosenblum, died and Petitioner now states that he was unaware of his death at that time.

1

On October 7 2004, Magistrate Judge Blewitt issued a Report and Recommendation that the Petition be denied for failure to state a constitutional claim and failure to properly exhaust one claim in state court. On October 18, 2004, Jeffery Valender, Esq., an associate of the late Attorney Rosenblum, filed objections to the Magistrate Judge's Report Objections. Attorney Valender did not enter his appearance as counsel of record for Petitioner. On December 2, 2004, this Court issued an Order denying the Petition and ordered the Clerk of Court to close the case. Until August of 2005, Petitioner represents that he was unaware of this Court's Order (doc. 16). Petitioner further indicates that he has been unsuccessful in his attempts to locate Attorney Valender, and accordingly that he was unable to file a timely Notice of Appeal in this matter.

Presently before this court is Petitioner's Motion to Reopen the Time to File an Appeal (doc. 17) ("the Motion"). For the following reasons, we will defer a ruling on the Motion and request that Petitioner supplement the record with certain information in aid of our determination.

**STANDARD OF REVIEW**

Under Fed.R.A.P. 4(6), a district court may reopen the time to file an appeal for a period of fourteen (14) days after the date when its order to reopen is entered, upon the satisfaction of three conditions:

a) the motion to reopen must be filed within 180 days after the judgment or order is entered, or within 7 days after the moving party receives notice of the entry, whichever is earlier;

b) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days of entry; and

c) the court finds no party would be prejudiced by reopening the case.

## DISCUSSION

Accepting what Petitioner says as true, through the death of Petitioner's counsel, Attorney Rosenblum, and the inadvertence of associate counsel, Attorney Valender, Petitioner was unaware that his time to appeal this Court's Order (doc. 16) had passed until August 2005. Petitioner filed the Motion on August 30, 2005, well in excess of the 180 day period allowed for in Rule 4(6). Therefore, as Fed.R.A.P. 4(6)(a) indicates, this Court may only grant the Motion if the Petitioner filed the Motion within seven (7) days of receiving knowledge of the Order (Rec. Doc. 16). Petitioner does not state in his moving papers the exact date in August on which he received notice from his sister, Myrile Harris, that the Order (doc. 16) had been entered and the case closed. Before this Court may rule on the Motion, Petitioner must provide us with a submission that establishes the date upon which

he became aware of the entry of the December 2, 2004 Order (doc. 16).

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. A ruling on the merits of Petitioner's Motion is deferred

2. Within thirty (30) days from the date hereof, Petitioner will provide the Court with a record submission establishing the date upon which he was informed of this Court's Order of December 2, 2004 (Rec. Doc. 16).

```
_____
John E. Jones III
United States District Judge
```